# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER COUCH, STEVEN W. TURPEN and BRANDON TURPEN, | ) ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) CASE NO. 2:17-CV-298 ) |
| METAL TECHNOLOGIES, INC., | ) ) |
| Defendant | ) |

### *PLAINTIFFS' COMPLAINT FOR DAMAGES*

### *I. INTRODUCTION*

Plaintiffs Christopher Couch ("Couch"), Steven W. Turpen ("Steven Turpen"), and Brandon Turpen ("Brandon Turpen") are all former hourly-paid employees of Defendant Metal Technologies, Inc. ("Metal Technologies") and each has been a Rule 23 class member and/or FLSA collective action opt-in plaintiff in the related case of *Brian A. Weil and Melissa D. Fulk v. Metal Technologies, Inc.*, Case No. 2:15-cv-00016-JMS-DKL. Moreover, Plaintiffs (or a subset of plaintiffs) were putative Rule 23 class members in the related case of *Fannie M. Kolish v. Metal Technologies*, Case No. 2:16-cv-00145-JMS-MJD. Plaintiffs bring this wage and hour action against the Metal Technologies to recover unpaid wages resulting from Metal Technologies' illegal time card rounding practices and treatment of recorded breaks of twenty minutes or less as unpaid time. Metal Technologies' employee time records and wage records make clear the fact that Metal Technologies failed to pay Plaintiffs substantial wages because it did not pay Plaintiffs from the moment each actually clocked in and began working until the

1

moment each clocked out and completed his/her last principal activity. Further, Metal Technologies had records of employee meal breaks for each Plaintiff which showed Metal Technologies 1) the duration of each meal break and 2) whether or not the meal break was cut short to twenty minutes or less such that the break had to be treated as compensable work time. Metal Technologies was, instead, ignoring Plaintiffs' actual work time and actual time clock records and it was taking a thirty (30) minute, unpaid increment of time from each employee's paid work time, depriving Plaintiffs of earned wages.

Metal Technologies made these adjustments and deprived Plaintiffs of pay for actual time worked despite the fact Metal Technologies' own time records showed Plaintiffs were working more time than Metal Technologies was paying them. Metal Technologies has been using illegal time card rounding practices. All of Metal Technologies' time card rounding practices were performed to Metal Technologies' benefit and to the harm and detriment of Metal Technologies' employees. Metal Technologies' illegal time card rounding practices (non-neutral time card rounding) and treatment of recorded breaks of twenty minutes or less as unpaid time violate the FLSA and result in underpayment of overtime compensation. In the same way, Metal Technologies' illegal time card rounding practices and treatment of recorded breaks of twenty minutes or less result in the underpayment of wages, creating violations of the Indiana Wage Payment Statute, I.C. 22-2-5. All of Metal Technologies' wage violations will be shown on the face of its pay stubs to each Plaintiff and Metal Technologies' own time cards.

## II. FACTUAL ALLEGATIONS

1. Couch is a resident of the State of Indiana, and is domiciled in Worthington, Greene County, Indiana. Couch worked for Metal Technologies at its Bloomfield, Greene

County, Indiana manufacturing facility from on or about March 7, 2016 until he voluntarily resigned his employment on or about June 28, 2016. Couch was a current employee of Metal Technologies after January 20, 2015 when the class action complaint was filed in *Brian A. Weil and Melissa D. Fulk v. Metal Technologies, Inc.*, Case No. 2:15-cv-00016-JMS-DKL, making him a Rule 23 class member in that case. Because he only worked for Metal Technologies in calendar year 2016, any and all claims made by Couch for overtime compensation under the FLSA are timely and within the FLSA's statute of limitations. In the same way, any claim Couch makes for unpaid wages under the Indiana Wage Payment Statute is within the applicable two year statute of limitations.

2. Steven Turpen is a resident of the State of Indiana, and is domiciled in Williams, Lawrence County, Indiana. Steven Turpen worked for Metal Technologies at its Bloomfield, Greene County, Indiana manufacturing facility from approximately June 9, 2013 until he voluntarily resigned his employment to take a new job on or about June 22, 2014. Steven Turpen was a Rule 23 class member in *Brian A. Weil and Melissa D. Fulk v. Metal Technologies, Inc.*, Case No. 2:15-cv-00016-JMS-DKL. Additionally, Steven Turpen executed a written consent and opted in to the *Weil* case as a FLSA party plaintiff on April 18, 2016.

3. Brandon Turpen is a resident of the State of Indiana, and resides in Williams, Lawrence County, Indiana. Brandon Turpen worked for Metal Technologies at its Bloomfield, Greene County, Indiana manufacturing facility from April 17, 2013 until his employment terminated on or about December 11, 2013. Brandon Turpen executed a written consent and opted in to the *Weil* case as a FLSA party plaintiff on April 18, 2016.

4. Upon information and belief, Metal Technologies is an Indiana corporation.

Metal Technologies employed Plaintiffs at its manufacturing facility in Bloomfield, Greene County, Indiana.

5. At its Bloomfield plant, Metal Technologies manufactures different types of automobile parts.

6. Metal Technologies utilizes an electronic time clock that records the time each employee begins his/her work each shift and records the time an employee ends his/her work each shift. Additionally, Metal Technologies had a policy in place that its employees use (or used) the electronic time clock to clock out at the beginning of a meal period (if a meal break is taken) and the employees clock back in at the conclusion of any meal period. At the Bloomfield facility, Metal Technologies employees record their work time by swiping a personal security badge. If Metal Technologies paid Plaintiffs their wages and overtime based upon these time card entries, Metal Technologies would have likely been in compliance with the FLSA and with Indiana wage statutes.

7. Metal Technologies did not pay Plaintiffs their wages and compensation based upon its own time card records and Metal Technologies did not pay Plaintiffs for all of their time worked.

8. Importantly, Metal Technologies did not record Plaintiffs' hourly-paid work time in any other way. The only time records and information Metal Technologies had to base its payment of wages are the time records generated by the employee badge swipes.

9. At least at its Bloomfield facility, for a lengthy period of time, Metal Technologies has employed a policy and practice whereby it significantly adjusts downward and deducts time from its hourly-paid employees' time records and pays its employees for less than

their full time worked.

10. Based upon its long-standing policy and practice of manipulating and downwardly adjusting employee time records, Metal Technologies has been systematically underpaying its employees, which included Plaintiffs, significant sums of wages and overtime on a daily and weekly basis.

11. Plaintiffs and each Metal Technologies production employee began his/her shift by swiping a badge to record his/her time in. At the end of a work shift, that same employee must assist the next coworker relieving him/her and, generally, work activity continues to occur after the employee's scheduled shift end time. The employee then clocks out after this transition is completed. Again, if Metal Technologies paid employees based upon actual time clock entries, Metal Technologies would be in compliance with the law. It does not and, instead, rounds time off the employee time records (to Metal Technologies' advantage and the employee's detriment) and does not pay for significant daily amounts of actual work time.

12. Additionally, Metal Technologies generally schedules its employees for a thirty (30) minute per shift meal period and Metal Technologies wishes to treat the thirty (30) minute meal period as an unpaid, bona fide meal period under the FLSA. Metal Technologies had a written policy, requiring employees to clock out for a meal period and clock back in to record their meal break. Metal Technologies made and kept actual records which told it whether Plaintiffs were able to take a meal period and, if so, whether the meal period lasted a full thirty (30) minutes so that the meal period can legally be treated by Metal Technologies as unpaid time. Metal Technologies ignored its electronic time records and, instead, automatically treated Plaintiffs and other employees as though they each received a thirty (30) minute, unpaid meal

5

break each day. Metal Technologies took a thirty minute increment out of Plaintiffs' and each employee's paid work day and treated that thirty (30) minute period of time as unpaid even on days when Metal Technologies' own time records show that Plaintiffs either 1) did not receive any meal break, or 2) had his/her meal break cut too short (particularly recorded breaks of twenty minutes or less) to qualify as a bona fide meal period (meaning that the employer must treat the entire period as paid work time).

13. Pursuant to its policy and practice, Metal Technologies was not compensating Plaintiffs and its other hourly-paid employees for all work time at the beginning of each employee's shift from the time the employee swipes his/her badge in. Additionally, pursuant to its policy and practice, Metal Technologies systematically deducted time from Plaintiffs' employee time records that represents time spent working by the employee after the scheduled shift end-time, even though the work was performed and recorded on Metal Technologies' time keeping system. Metal Technologies was significantly underpaying wages to Plaintiffs by failing to pay meal periods that did not occur or were cut short and did not qualify as a bona fide meal period (particularly any and all recorded breaks of twenty minutes or less). Metal Technologies would also round time clock punches in its favor and to Plaintiffs' detriment on days the employee would arrive to work and clock in late and days the employee would leave work and clock out early.

14. All Plaintiffs have claims for unpaid overtime under the FLSA based upon Metal Technologies' illegal rounding of time clock punches and failure to pay for all time worked (and reported) along with unpaid overtime based upon actual, reported lunch breaks that lasted twenty minutes or less. Steven Turpen and Brandon Turpen did file written notices and did opt in to the

original FLSA collective action in *Brian A. Weil and Melissa D. Fulk v. Metal Technologies, Inc.*, Case No. 2:15-cv-00016-JMS-DKL, meaning each has preserved some or all of his FLSA overtime claims based upon the equitable tolling of the FLSA statute of limitations during the period of time from filing the opt in notice through the *Weil* Court's May 26, 2017 decertification order added to the FLSA's ordinary maximum statute of limitations which provides three years from the date a complaint is filed.

15. Couch and Steven Turpen have claims under the Indiana Wage Payment Statute, I.C. 22-2-5, because each voluntarily resigned his employment and/or because he was a participating Rule 23 class member (a current employee on or after January 20, 2015, but before May 26, 2017) in the original class action titled *Brian A. Weil and Melissa D. Fulk v. Metal Technologies, Inc.*, Case No. 2:15-cv-00016-JMS-DKL. Plaintiffs' claims for all unpaid wages under the Indiana Wage Payment Statute are based upon Metal Technologies' illegal rounding of time clock punches and failure to pay for all time worked (and reported) along with unpaid wages based upon actual, reported lunch breaks that lasted twenty minutes or less.

16. Based upon records produced in the original class action titled *Brian A. Weil and Melissa D. Fulk v. Metal Technologies, Inc.*, Case No. 2:15-cv-00016-JMS-DKL, each Plaintiff can prove a minimum amount of unpaid wages and overtime owed to him/her caused by Metal Technologies failure to pay for all actual time worked and reported on Metal Technologies' time clock.

17. Separate from his claims for unpaid wages and overtime based upon actual reported breaks of twenty minutes or less, Couch has records from Metal Technologies (a comparison of his time clock records to his pay roll records) that conclusively show that Metal

7

Technologies' illegal and one-sided rounding of his time clock punches resulted in the underpayment of at least Three Hundred Forty-Six Dollars ($346.00) in straight time wages. When trebled under the Indiana Wage Payment Statute, Couch will be owed damages of at least One Thousand and Thirty-Eight Dollars ($1,038.00). Couch's same records from Metal Technologies (a comparison of his time clock records to his pay roll records) conclusively show that Metal Technologies' illegal and one-sided rounding of his time clock punches resulted in the underpayment of at least Three Hundred Seventy Dollars ($370.00) in overtime compensation. When doubled pursuant to the FLSA's liquidated damages provision, Couch will be owed overtime and FLSA damages of at least Seven Hundred Forty Dollars ($740.00). While the law will not allow Couch a double recovery under the FLSA and IWPS for the underlying unpaid hours he worked, the FLSA and IWPS provide liquidated damages for different purposes and Couch can recover the liquidated portion of damages under both the FLSA and IWPS. At a minimum, his records show he is owed a combined One Thousand Four Hundred Thirty-Two Dollars ($1,432.00). Couch will engage in discovery and obtain Metal Technologies' time and pay roll records for him through the end of his employment in late June 2016. He may be owed more in unpaid wages and overtime than currently shown in available records produced in the *Weil* case.

18.  Separate from his claims for unpaid wages and overtime based upon actual reported breaks of twenty minutes or less, Steven Turpen has records from Metal Technologies (a comparison of his time clock records to his pay roll records) that conclusively show that Metal Technologies' illegal and one-sided rounding of his time clock punches resulted in the underpayment of at least One Thousand Five Hundred Eighty-Seven Dollars ($1,587.00) in

straight time wages.  When trebled under the Indiana Wage Payment Statute, Steven Turpen will be owed damages of at least Four Thousand Seven Hundred Sixty-One Dollars ($4,761.00). Steven Turpen's same records from Metal Technologies (a comparison of his time clock records to his pay roll records) conclusively show that Metal Technologies' illegal and one-sided rounding of his time clock punches resulted in the underpayment of at least Two Thousand Two Hundred Eighty-Three Dollars ($2,283.00) in overtime compensation.  When doubled pursuant to the FLSA's liquidated damages provision, Steven Turpen will be owed overtime and FLSA damages of at least Four Thousand Five Hundred Sixty-Six Dollars ($4,566.00).  While the law will not allow Steven Turpen a double recovery under the FLSA and IWPS for the underlying unpaid hours he worked, the FLSA and IWPS provide liquidated damages for different purposes and Steven Turpen can recover the liquidated portion of damages under both the FLSA and IWPS.  At a minimum, his records show he is owed a combined Seven Thousand Seven Hundred Forty Dollars  ($7,740.00).

19. Separate from his claims for unpaid wages and overtime based upon actual reported breaks of twenty minutes or less, Brandon Turpen has records from Metal Technologies (a comparison of his time clock records to his pay roll records) that conclusively show that Metal Technologies' illegal and one-sided rounding of his time clock punches resulted in the underpayment of at least Eight Hundred and One Dollars ($801.00) in overtime compensation. When doubled pursuant to the FLSA's liquidated damages provision, Brandon Turpen will be owed overtime and FLSA damages of at least One Thousand Six Hundred and Two Dollars ($1,602.00).

20. For each Plaintiff, Metal Technologies' time records and corresponding pay

records show unpaid lunch breaks of twenty minutes or less for the time period covered by the statute of limitations applicable to each Plaintiff. All of the recorded time covered by these short breaks of twenty minutes or less is paid work time and should have been compensated, but was not.

21. All of Metal Technologies' time rounding practices were performed to Metal Technologies' advantage and to the detriment and harm of each Plaintiff and each of Metal Technologies' employees. Metal Technologies' time card rounding practices are not neutral.

22. Metal Technologies intentionally and knowingly violated each Plaintiff's rights to earned wages and overtime compensation through Metal Technologies' illegal wage practices.

23. Particularly because Metal Technologies had (and still has) records of its employees' full time worked and simply chose to adjust and reduce the amount of time it paid its employees for work performed, it is clear that Metal Technologies knowingly and willingly failed and refused to pay Plaintiffs and its other hourly employees for all time worked.

24. Each Plaintiff has been harmed by Metal Technologies' uniform policies and practices of adjusting time records downward and other types of non-neutral time card rounding practices and treatment of recorded breaks of twenty minutes or less as unpaid time, all of which profited Metal Technologies to the detriment and harm of each Plaintiff. These illegal time record rounding decisions are clearly the product of a conscious policy decision made by Metal Technologies to manipulate its time records and to pay its employees for less than all time worked.

25. Specifically, Metal Technologies has failed and refused to base its compensation paid to each Plaintiff based upon a "continuous work day."

26. In each Plaintiff's case, Metal Technologies failed and refused to make a payment of all accrued wages, particularly underpaid wages resulting from Metal Technologies' illegal and non-neutral time record rounding practices and treatment of recorded breaks of twenty minutes or less as unpaid time, and more than 20 days have passed since the last date Metal Technologies could have made payment of these wages without penalty under Indiana Law. More specifically, related to any portion of any Plaintiff's claim under the Indiana Wage Payment Statute, all violations that occurred on and after July 1, 2015 were committed in bad faith, and those violations can certainly not be characterized as a "good faith" attempt to comply with the Indiana Wage Payment Statute.

27. Based upon the same allegations and assertion of these same FRCP 23(b)(3) class-wide meal break claims in the related cases of *Brian A. Weil and Melissa D. Fulk v. Metal Technologies, Inc.*, Case No. 2:15-cv-00016-JMS-DKL, and *Fannie M. Kolish v. Metal Technologies*, Case No. 2:16-cv-00145-JMS-MJD, Plaintiffs expressly allege and assert that the running of the statute of limitations on their claims under the Indiana Wage Payment Statute for unpaid, recorded meal breaks of twenty minutes or less were equitably tolled from the January 20, 2015 date of the original *Weil* Complaint until January 25, 2016 (when class certification of the meal break claims was denied), and the April 27, 2016 date the *Kolish* Complaint was filed until the February 8, 2017 date certification was denied.

28. Based upon the same allegations and assertion of the same illegal time rounding claims made in the related case of *Brian A. Weil and Melissa D. Fulk v. Metal Technologies, Inc.*, Case No. 2:15-cv-00016-JMS-DKL, Plaintiffs expressly allege and assert that the running of the statute of limitations on their claims under the Indiana Wage Payment Statute for unpaid

wages resulting from Metal Technologies' illegal time rounding practices and policies were equitably tolled from the January 20, 2015 date of the original *Weil* Complaint until May 26, 2017 (when the court partially decertified the class related to illegal rounding claims). Plaintiffs' illegal rounding claims were preserved by the filing of the *Weil* class action complaint and the certification of that claim as a class action under FRCP 23(b)(3), through the date of the Court's May 26, 2017 decertification of that claim.

29. Further, based upon the same allegations and assertion of the same illegal time rounding claims made in the related case of *Brian A. Weil and Melissa D. Fulk v. Metal Technologies, Inc.*, Case No. 2:15-cv-00016-JMS-DKL, Plaintiffs Steven Turpen and Brandon Turpen expressly allege and assert that the running of the statute of limitations on their claims under the Fair Labor Standards Act for unpaid overtime compensation resulting from Metal Technologies' illegal time rounding practices and policies were equitably tolled. As described in more detail above, each his Notice of Consent form, joining the certified FLSA collective action, in early 2016, meaning each preserved claims from the date the consent form was filed to the date the Court decertified the FLSA collective action on May 26, 2017. Steven and Brandon Turpen's FLSA claims were equitably tolled, based upon their status as opt-in plaintiffs in the original *Weil* case until May 26, 2017 (when the court partially decertified the class related to illegal rounding claims).

30. Finally, separate from the issue of Plaintiffs' equitably tolled claims based upon illegal time rounding, Plaintiffs expressly assert that this action to recover their unpaid wages caused by illegal time rounding is a continuation of their class claims in what had been a certified class action under FRCP 23(b)(3) pursuant to the Indiana Journey's Account Statute,

I.C. 34-11-8-1. Plaintiffs bring this continuation claim under the Indiana Journey's Account Statute based upon the Court's May 26, 2017 decertification of the illegal rounding claims and dismissal without prejudice of Plaintiffs' claims as participating class members. All claims from January 20, 2013 to the present have been timely asserted and alleged.

### III. JURISDICTION AND VENUE

31. This Court has jurisdiction over Plaintiffs' FLSA claims under 28 USC § 1331 as those FLSA claims raise questions of federal law. See 29 USC § 201 et seq. The Court has supplemental jurisdiction over Plaintiffs' Indiana law claims, which have a common basis in fact with their own FLSA claims.

32. This Court is the appropriate venue for this cause of action as Plaintiffs worked for Metal Technologies at its Bloomfield, Greene County, Indiana facility and most of the illegal activity took place in the Southern District of Indiana. 28 USC § 1391.

### IV. STATEMENT OF CLAIMS

#### A. FAIR LABOR STANDARDS ACT CLAIMS

33. Plaintiffs incorporate herein by reference paragraphs 1 through 32 above.

34. Metal Technologies is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA. Metal Technologies is an "employer," as that term is defined by the FLSA.

35. Metal Technologies has violated each Plaintiff's rights to be properly paid overtime wages in a manner required by the FLSA. Metal Technologies committed overtime violations by failing to pay each Plaintiff for all hours of work, particularly as Metal Technologies has underpaid wages based upon its illegal and non-neutral time record rounding

13

scheme and its treatment of recorded breaks of twenty minutes or less as unpaid time.

36. Metal Technologies has repeatedly violated the FLSA's overtime provisions by not paying each Plaintiff at the required overtime compensation rate for all hours worked over 40 in a work week.

37. Metal Technologies' failure to comply with the FLSA's provisions regarding overtime compensation is willful and without justification, and subjects Metal Technologies to a three year statute of limitations (in addition to all time the running of the statute of limitations was equitably tolled, as described above).

38. Each Plaintiff seeks all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Metal Technologies' violations of their rights under the Fair Labor Standards Act.

### B. *Indiana Wage Payment Statute Claims*

39. Plaintiffs incorporate herein by reference paragraphs 1 through 38 above.

40. Couch and Steven Turpen have Indiana statutory wage claims arising under the Indiana Wage Payment Statute, I.C. 22-2-5 (particularly as each preserved the Indiana Wage Payment Statute claims by his status as a participating class member in the class action litigation titled *Brian A. Weil and Melissa D. Fulk v. Metal Technologies, Inc.*, Case No. 2:15-cv-00016-JMS-DKL).

41. By way of this claim, Couch and Steven Turpen are seeking all available damages, including all unpaid wages, all underpaid wages, all illegally rounded wages, all wages owed as a result of Metal Technologies' treatment of recorded breaks of twenty minutes or less

as unpaid time, all available liquidated, punitive and/or treble damages, all attorney's fees, costs and expenses, plus any other damage to which each Plaintiff may be entitled pursuant to law. Pursuant to I.C. 22-2-5-2, Plaintiffs are seeking payment of unpaid wages, underpaid wages, all illegally rounded wages, all wages owed as a result of Metal Technologies' treatment of recorded breaks of twenty minutes or less as unpaid time, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.

## V. *PRAYER FOR RELIEF*

WHEREFORE, Plaintiffs Christopher Couch, Steven W. Turpen and Brandon Turpen respectfully request that the Court enter judgment against Metal Technologies and issue all available relief to them, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All unpaid and underpaid wages;

3. All statutory damages under I.C. 22-2-5-2, including, but not limited to, all treble damages, liquidated damages, costs, and statutorily authorized damages;

4. All reasonable attorney's fees and expenses;

5. Costs;

6. An injunction effective to prevent Metal Technologies from continuing its unlawful wage practices which violate the Indiana Wage Payment Statute, including all policies/practices which result in Metal Technologies' failure to pay

to its employees earned wages for all hours of compensable work;

7. Prejudgment interest, if available; and

8. Any and all other relief just and proper in the premises.

>Respectfully submitted,
>
>HUNT, HASSLER, KONDRAS & MILLER LLP
>
>By/s/Robert P. Kondras, Jr.
>Robert P. Kondras, Jr.
>Attorney No. 18038-84
>100 Cherry Street
>Terre Haute, IN 47807
>(812) 232-9691
>Facsimile: (812) 234-2881
>kondras@huntlawfirm.net